UNITED STATES DISTRICT COURT WESTERN DISTRICT
OF WASHINGTON AT TACOMA
_____

ALMOG MEIR JAN, SHLOMI ZIV, ANDREY KOZLOV
        Plaintiffs,


                                    **Case No. 3:24-CV-5553-TLF**

PEOPLE MEDIA PROJECT, a Washington Non-Profit Corporation, d/b/a PALESTINE CHRONICLE; RAMZY BAROUD; JOHN HARVEY; and DOES 1 through 10,
        Defendants.
_____

**Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss**

    Now Comes Defendants, through their undersigned counsel, and do hereby move this Court, pursuant to FRCP 26(c), to stay discovery pending resolution of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint. In support of this motion, Defendants state the following:

    1. Plaintiff Almog Meir Jan filed his original Complaint against Defendants, a non-profit news journal and its managers, on July 9, 2024. The undersigned counsel consented to service of this Complaint.

    2. On September 12, 2024, Defendants filed a Motion to Dismiss the Complaint in its entirety, arguing that Plaintiff has failed to state a claim against Defendants under the Alien Tort Claims Act (ATCA) -- the only basis of jurisdiction Plaintiff asserts for his claims.

    3. On January 31, 2025, this Court granted Defendants' Motion to Dismiss on the grounds that the Court did not have subject matter jurisdiction under the ATCA. As an initial matter, this Court found that Plaintiff's claim that Defendants somehow aided and abetted the alleged wrongdoer in this case – Abdallah Aljamal -- by publishing his articles in their publication must fail because these articles "do not cross the line from protected speech to

inciting or preparing for unlawful activity," are therefore entitled to First Amendment Protection. Dkt. 40 at p. 21. Indeed, this Court correctly found that "[m]any of the positions taken by the Chronicle, such as highlighting the deaths of Palestinian civilians and criticizing Israeli airstrikes, have been echoed by countless news organizations, protesters, and political leaders around the world." *Id.*

4. In addition, this Court found that Plaintiff Jan did not allege sufficient facts to support a claim that Defendants possessed the requisite *mens reas* for aiding and abetting liability under the ATCA when they allegedly paid Aljamal to write articles for their publication. *See*, Court's Order, Dkt. 40 at ps. 15-17. Relying upon the Supreme Court's decision in *Twitter v. Taamneh*, 598 U.S 471, 488 (2023), this Court held that "'[t]he point of aiding and abetting is to impose liability on those who consistently and culpably participated in the tort issue,' and that accomplice liability must be applied in a way to avoid 'sweep[ing] in innocent bystander as well as those who gave only tangential assistance.'" Dkt. 40 at p. 16. This Court found that Plaintiff Jan had not sufficiently alleged such culpability because he had not alleged that Defendants knew that Aljamal was a Hamas operative or was engaged in nefarious activities of the type involved in this case during the relevant time frame. Dkt. 40 at ps. 15-16. This Court further opined that "[n]owhere in Jan's complaint does he allege that Defendants gave Aljamal money for the purpose of committing terrorism or aiding Hamas. Instead, he seeks to hold them liable for compensating Aljamal for writing articles, because Aljamal used that money to enable Jan's imprisonment." Dkt. at p. 16.

5. This Court also ruled that Plaintiff's allegations did not overcome the well-settled presumption against extra-territorial application of the ATCA because "the underlying torts – kidnapping, hostage taking, and other violations of international law – occurred abroad," and

because Defendants, as explained above, did not have the requisite *mens reas* to support these underlying violations by allegedly paying Aljamal for his articles.  Dkt. 40 at p. 23.

6. This Court decided to dismiss the Complaint without prejudice and to allow Plaintiff the ability to amend his Complaint to try to cure the deficiencies which led to dismissal.  Dkt. 40 at ps. 23-24.

7. In response, Plaintiff, joined by two new Plaintiffs, filed an Amended Complaint on February 21, 2025, with essentially the same allegations as the original Complaint.  Defendants have now moved to dismiss this Amended Complaint, and are hereby requesting that discovery be stayed pending this motion to dismiss.

8. It is well-settled that "[a] court's broad, discretionary power to control discovery includes the power to stay discovery." *Travelers Prop. Case. Co. of America v. H.D. Fowler Co.*, Case No. C19-1050-JCC (W.D. Wash. February 20, 2020) (unpublished) (attached hereto as Exhibit A) (*citing*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)).  To balance the competing interests of moving litigation, including discovery, swiftly along with the fact that the court "can also save time and costs if the pending motion [to dismiss] would obviate the need for discovery" altogether, "courts consider two factors in deciding whether to stay discovery when a potentially dispositive motion is pending: (1) whether the pending motion could dispose of the entire case, and (2) whether the pending motion can be decided without additional discovery. . . . Assessing these factors requires a court to take a 'preliminary peek' at the pending motion." *Travelers Prop.*, *slip op.* at p. 3 (citing, *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600-601 (D. Nev. 2011)); *see also*, *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (a court may "stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief."); *Rutman Wine Co. V. E. & J. Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("the purpose of Rule 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without

subjecting themselves to discovery. . . . It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.").

9. A "preliminary peak" at Defendants' Motion to Dismiss makes it evident that this case should be dismissed in its entirety because Plaintiffs, beyond making conclusory allegations about Defendants alleged knowledge of Aljamal's alleged nefarious activities, have not cured the original deficiencies in the original Complaint, and because there are other, independent grounds for dismissal. Thus, as we demonstrate in our Memorandum in Support of the Motion to Dismiss, the Amended Complaint should be dismissed on the following independent grounds:

> a. The Court lacks jurisdiction under the Alien Tort Statute (ATS) because Plaintiffs' claims arise from alleged conduct occurring entirely outside the United States, and the Supreme Court has made clear that ATS does not apply extraterritorially. *Kiobel v. Royal Dutch Petroleum Co.,* 569 U.S. 108 (2013); *Nestlé USA, Inc. v. Doe,* 141 S. Ct. 1931 (2021);

> b. Plaintiffs' claims are barred by the First Amendment, as they seek to impose liability on Defendants for constitutionally protected journalistic activities, in violation of Supreme Court precedent. *Holder v. Humanitarian Law Project,* 561 U.S. 1 (2010);

> c. Plaintiffs fail to establish proximate causation, and do not plausibly allege that Defendants' conduct had any direct effect on Plaintiffs' captivity or mistreatment. *Jesner v. Arab Bank, PLC,* 138 S. Ct. 1386 (2018*); Doe v. Cisco Systems, Inc*., 73 F.4th 700 (9th Cir. 2023);

> d. Plaintiffs' civil conspiracy claim fails for wholesale failure to state facts showing any actual agreement between Defendants and Hamas. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007*); Ashcroft v. Iqbal,* 556 U.S. 662 (2009*)*;

> e. The political question doctrine precludes judicial review because adjudicating this case would require the Court to evaluate foreign military actions and U.S.

foreign policy determinations. *Baker v. Carr,* 369 U.S. 186 (1962*); Sosa v. Alvarez-Machain,* 542 U.S. 692 (2004);

f.  Plaintiffs have not exhausted their remedies in Israel. *Sarei v. Rio Tinto,* 550 F.3d 822 (9th Cir. 2008);

g.  Plaintiffs' material support for terrorism claim is fatally flawed because payments (which do not exist) to a journalist do not constitute material support under U.S. law. *Boim v. Holy Land Foundation,* 549 F.3d 685 (7th Cir. 2008).

10.  While we would argue that this should end the discussion, there are some judges in this Court who have looked to additional factors in deciding a motion to stay discovery. However, these factors actually militate in favor of Defendants' motion for stay.  Thus, some judges will consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of simplifying or complicating the issues, proof, and questions of law which could be expected to result from a stay." *See*, *e.g., Hub Int'l Nw. V. Larson*, 2:22-cv-01418-TL (W.D. Wash. March 15, 2023) (unpublished opinion) (attached hereto as Exhibit B).

11.  In the instant case, there is no reason to think that a stay of discovery would cause any damage.  As Defendants' counsel made clear in the September 20, 2024, discovery conference, we have instructed our clients to preserve all possible evidence related to this case, including communications.  Therefore, a delay in discovery will not lead to the spoilation of potential evidence.   As for the hardship or inequity Defendants will suffer if discovery goes forward, this is quite considerable.  Thus, Defendants – a small non-profit chronicle and its managers – have meager resources which will be greatly strained if they are forced to proceed with discovery, especially if that discovery is made unnecessary by the granting of the Motion to Dismiss.  In addition, as we note in our Motion to Dismiss, this very case is aimed at the free

speech rights of Defendants and is indeed clearly aimed at curtailing them. In other words, this case is clearly burdensome and vexatious, and purposefully so. For this reason alone, this Court should be reluctant to proceed with discovery in this case until the Motion to Dismiss is resolved. Finally, we anticipate that all of the issues and questions of law in this case will be disposed of by the Motion to Dismiss, leading to the ultimate simplification of this matter.

    WHEREFORE, and for good cause shown, Defendants' Motion for Stay of Discovery should be granted.

Respectfully submitted,

| | |
|---|---|
| _ss/ Daniel M. Kovalik___ | ss/Ralph Hurwitz |
| Daniel M. Kovalik | Ralph Hurwitz |
| 112 Washington Place, #15K | P.O. Box 25642 |
| Pittsburgh, Pa. 15219 | Seattle, WA 98165 |
| (412) 335-6442 | alph@hurvitz.com |
| dkovalik@outlook.com | |