# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| ALMOG MEIR JAN; SHLOMI ZIV; ANDREY KOZLOV,<br><br>　　　　　　　　　　Plaintiffs,<br>v.<br><br>PEOPLE MEDIA PROJECT, a Washington Non-Profit Corporation, d/b/a PALESTINE CHRONICLE; RAMZY BAROUD; JOHN HARVEY; and DOES 1 through 10,<br><br>　　　　　　　　　　Defendants. | NO. 3:24-cv-05553-TMC<br><br>AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND PROPOSED ORDER |

The Parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A. General Principles**

1. An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2. As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible. This

agreement is intended to assist the parties in identifying relevant, responsive information that has been stored electronically and is proportional to the needs of the case. The agreement does not supplant the parties' obligations to comply with Fed. R. Civ. P. 34.

**B.  ESI Disclosures**

Within 30 days of entry of the Court's decision on the Defendants' Motion to Stay Discovery, or at a later time if agreed to by the parties, each party shall disclose by declaration under penalty of perjury:

1. <u>Custodians</u>. The custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under the custodian's control.

2. <u>Non-custodial Data Sources</u>. A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, likely to contain discoverable ESI.

3. <u>Third-Party Data Sources</u>. A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4. <u>Inaccessible Data</u>. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

5. <u>Foreign data privacy laws</u>. Nothing in this Order is intended to prevent either party from complying with the requirements of a foreign country's data privacy laws, *e.g.*, the European Union's General Data Protection Regulation (GDPR) (EU) 2016/679. The parties

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
PROPOSED ORDER - 2

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

1  agree to meet and confer before including custodians or data sources subject to such laws in
2  any ESI or other discovery request.

3  **C.  ESI Discovery Procedures**

4      1.    <u>On-site inspection of electronic media</u>. Such an inspection shall not be required
5  absent a demonstration by the requesting party of specific need and good cause or by agreement
6  of the parties.

7      2.    <u>Search methodology</u>. The parties shall timely confer to attempt to reach
8  agreement on appropriate search terms and queries, file type and date restrictions, data sources
9  (including custodians), and other appropriate computer- or technology-aided methodologies,
10 before any such effort is undertaken. The parties shall continue to cooperate in revising the
11 appropriateness of the search methodology.

12     a.  Prior to running searches:

13       i. The producing party shall disclose the data sources (including
14 custodians), search terms and queries, any file type and date restrictions, and
15 any other methodology that it proposes to use to locate ESI likely to contain
16 responsive and discoverable information. The producing party may provide
17 unique hit counts for each search query.

18       ii. After disclosure, the parties will engage in a meet and confer process
19 regarding additional terms sought by the non-producing party.

20       iii. The following provisions apply to search terms / queries of the
21 requesting party. Focused terms and queries should be employed; broad terms
22 or queries, such as product and company names, generally should be avoided.
23 A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
PROPOSED ORDER - 3

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

"system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. The producing party may identify each search term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query. A search that returns more than 400 unique documents, excluding families, is presumed to be overbroad.

3. <u>Format.</u>

   a. ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), and searchable PDF.

   b. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, and drawing files, will be produced in native format.

   c. Each document image file shall be named with a unique number (Bates Number). When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the



revision history.

d.  If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

4.  <u>De-duplication</u>. The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian information removed during the de-duplication process tracked in a duplicate/other custodian field in the database load file.

5.  <u>Email Threading</u>. The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies. Upon reasonable request, the producing party will produce a less inclusive copy.

6.  <u>Metadata fields</u>. If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced, and only to the extent it is reasonably accessible and non-privileged: document type; custodian and duplicate custodians (or storage location if no custodian); author/from; recipient/to, cc and bcc; title/subject; email subject; file name; file size; file extension; original file path; date and time created, sent, modified and/or received; and hash value. The list of metadata type is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices.

**D.  Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
PROPOSED ORDER - 5

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

    1.    Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

    2.    The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

    3.    Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

        a.  Deleted, slack, fragmented, or other data only accessible by forensics.

        b.  Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

        c.  Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

        d.  Back-up data that are duplicative of data that are more accessible elsewhere.

        e.  Server, system, or network logs.

        f.  Data remaining from systems no longer in use that is unintelligible on the systems in use.

        g.  Electronics data (*e,g.,* email, email calendars, contact data, and notes) sent to or from mobile devices (*e.g.,* iPhone, iPad, Android devices), provided

that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server).

**E. Privilege**

1. A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties no later than 30 days before the deadline for filing motions related to discovery unless an earlier deadline is agreed to by the parties.

2. Redactions need not be logged so long as the basis for the redaction is clear on the redacted document.

3. With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

4. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

5. Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
PROPOSED ORDER - 7



this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

IT IS SO ORDERED.

DATED: 31st day of March, 2025

_____
HON. TIFFANY M. CARTWRIGHT

RESPECTFULLY SUBMITTED this 28th day of March 2025.

TOMLINSON BOMSZTYK RUSS
By: /s/ Aric S. Bomsztyk
Aric S. Bomsztyk, WSBA #38020
Blair M. Russ, WSBA #40374
1000 Second Avenue, Suite 3660
Seattle, Washington 98104
Telephone: (206) 621-1871
Facsimile: (206) 621-9907
asb@tbr-law.com
bmr@tbr-law.com

/s/ Daniel Kovalik [via email approval]
Daniel Kovalik
112 Washington Place, Suite 15K
Pittsburgh, Pennsylvania 12519
Phone: (412) 335-6442
dkovalik@outlook.com

| | |
|---|---|
| NATIONAL JEWISH ADVOCACY CENTER, INC. THE INTERNATIONAL LEGAL FORUM | Ralph Hurvitz P.O. Box 25642 Seattle, Washington 98165 Phone: (206) 223-1747 ralph@hurvitz.com |

NATIONAL JEWISH ADVOCACY CENTER, INC.
THE INTERNATIONAL LEGAL FORUM

Mark Goldfeder (*pro hac vice*)
1718 General George Patton Drive
Brentwood, TN 37027
Phone: (800) 269-9895
mark@jewishadvocacycenter.org
ben@jewishadvocacycenter.org
anat@jewishadvocacycenter.org

LAW OFFICES OF DAVID SCHOEN

David Schoen (*pro hac vice*)
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Phone: (334) 395-6611
schoenlawfirm@gmail.com

HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC

Jason Torchinsky (*pro hac vice*)
Erielle Davidson (*pro hac vice*)
Phillip M. Gordon *(pro hac vice)*
John J. Cycon *(pro hac vice)*
2300 N Street, NW, Suite 643A
Washington, DC 20037
jtorchinsky@holtzmanvogel.com
edavidson@holtzmanvogel.com
pgordon@hotlzmanvogel.com
jcycon@holtzmanvogel.com
Phone: (202) 737-8808

Ralph Hurvitz
P.O. Box 25642
Seattle, Washington 98165
Phone: (206) 223-1747
ralph@hurvitz.com

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
PROPOSED ORDER - 9

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907