UNITED STATES DISTRICT COURT WESTERN DISTRICT

OF WASHINGTON AT TACOMA
_____

ALMOG MEIR JAN, SHLOMI ZIV, ANDREY KOZLOV
        Plaintiffs,

                              **ANSWER**

                              **Case No. 3:24-CV-5553-TLF**

PEOPLE MEDIA PROJECT, a Washington Non-Profit Corporation, d/b/a PALESTINE CHRONICLE; RAMZY BAROUD; JOHN HARVEY; and DOES 1 through 10,
        Defendants.
_____

### **Defendants' Answer to the Amended Complaint**

Now Comes Defendants People Media Project, d/b/a Palestine Chronicle, Ramzy Baroud and John Harvey and do hereby Answer Plaintiffs' Amended Complaint as follows:

### I. **Introduction**

1. Deny.

2. Defendants lack knowledge information sufficient to form a belief about the truth of these allegations and therefore deny them.

3. Defendants lack knowledge information sufficient to form a belief about the truth of these allegations and therefore deny them.

4. Defendants lack knowledge information sufficient to form a belief about the truth of these allegations and therefore deny them.

15. Defendants lack knowledge information sufficient to form a belief about the truth of these allegations and therefore deny them.

6. Deny.

7. Deny.

8. Deny.

9. Deny.

10. Deny.

## II. Parties

11. Defendants lack knowledge information sufficient to form a belief about the truth of these allegations and therefore deny them.

12. Defendants lack knowledge information sufficient to form a belief about the truth of these allegations and therefore deny them.

13. Defendants lack knowledge information sufficient to form a belief about the truth of these allegations and therefore deny them.

14. Admit.

15. Admit.

16. Defendants admit that Ramzy Baroud is the Editor-in-Chief of the Palestinian Chronicle and a Governor of People Media Project.  Further answering these allegations, Defendants deny them.

17. Defendants admit that John Harvey is a Governor of People Media Project and its "Principal Officer" in public IRS filings.  Defendants further admit that John Harvey is listed as "Management" on the Palestine Chronicle's website.  Further answering these allegations, Defendants deny them.

18. Deny.

## III. Jurisdiction and Venue

19. Deny.

20. Deny.

## IV. Facts

21. Deny.

22. Admit.

23. Deny.

24. Deny. In response, Defendants further state that they object to the vague, conclusory, and prejudicial nature of the allegations herein. The phrase "maintain close ties to Hamas" is undefined, unsupported by specific facts, and appears designed to stigmatize and inflame rather than plead a legally cognizable claim. Defendants deny that they maintain any "ties" to Hamas and object to this inflammatory and speculative assertion pursuant to Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement" showing entitlement to relief—not conclusory allegations), and Fed. R. Civ. P. 12(f) (allowing immaterial, impertinent, or scandalous matter to be stricken).

This allegation maliciously associates Defendants with terrorism without evidentiary basis, is intended to poison the well and defame Defendants, in furtherance of propaganda designed to facilitation criminalization, dehumanization and genocide of Palestinians and those adjacent to Palestinians.

25. Admit with Objection on the basis that academic associations are protected First Amendment expression; as irrelevant under Fed. R. Civ. P. 12(f) as Defendant Baroud's academic affiliations are immaterial to any alleged tort and included solely to imply guilt by association. Defendants further object to any implication that lawful academic research constitutes evidence of support for terrorism. Defendants deny any wrongful conduct. (Fed. R. Evid. 403 (prejudicial evidence irrelevant to material facts), Fed. R. Civ. P. 12(f).)

26. Deny and object to the entirety as it is irrelevant, immaterial, and unduly prejudicial under Fed. R. Civ. P. 12(f). Defendants deny any involvement in or connection to the referenced

3

conference and further deny any control over or affiliation with the individuals named therein. The reference to Mr. Al-Arian's spouse and her alleged presence at a protest is wholly unrelated to any claim or act involving Defendants and appears intended solely to imply guilt by association. Such content is legally insufficient and should be disregarded. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (legal conclusions and associations not entitled to presumption of truth).

27. Deny and object to this paragraph as irrelevant, immaterial, impertinent, and scandalous under Federal Rule of Civil Procedure 12(f) and inadmissible under Federal Rules of Evidence 401 and 403. This paragraph references individuals who are not parties to this litigation, including Defendant Baroud's young, vulnerable, daughter, and contain emotionally charged and prejudicial allegations that serve no purpose other than to harass and intimidate the Defendants, specifically and primarily the Palestinian Mr. Baroud and his family. They are not directed at Defendants' conduct, do not relate to any pleaded cause of action, and offer no probative value while carrying a high risk of unfair prejudice, as per FRE 401, 401 and 403. Inclusion of such allegations is an improper attempt to chill protected First Amendment activity, inflict reputational harm, and expose survivors of a well-documented humanitarian crisis to retaliatory scrutiny, shaming and intimidation.

28. Denied.

29. Defendants admit that Defendant Ramzy Baroud previously served as Deputy Managing Editor of *Al Jazeera* online. Further answering these allegations, Defendants deny them and object on the grounds that they are irrelevant, prejudicial, vague, conclusory, overbroad and designed to insinuate guilt by association in violation of fundamental pleading standards. Defendants deny that Mr. Baroud's prior journalism work, including with Al Jazeera or Kayhan

International, establishes any actionable conduct or intent. References to foreign governments and U.S. State Department designations are immaterial to the claims alleged and serve only to inflame. See Fed. R. Evid. 403; Fed. R. Civ. P. 12(f); *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964) (prohibiting defamatory targeting of journalists for unpopular affiliations or views).

    30. Denied. Defendants did not knowingly disseminate any material in coordination with a terrorist organization or in furtherance of any unlawful activity. Defendants further object on the grounds that this paragraph is laden with legal conclusions, relates to protected speech and lacks specificity as to what is Hamas propaganda" (especially given that according to the Israeli government UN reports and Democratic government condemnations are considered "Hamas propaganda.") Defendants object to Paragraph 30 as irrelevant and speculative. Defendants deny that a symbolic, nonbinding 2007 campaign regarding sister city status constitutes any "tie" to Hamas or any tortious conduct. Plaintiffs' reference is vague, immaterial, and prejudicial, and is offered solely to imply association with terrorism without factual or legal basis. See Fed. R. Civ. P. 12(f); Fed. R. Evid. 403; Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

    31. Denied and Defendants object to this on the grounds that it is irrelevant to Defendant Conduct as there is no allegation that Defendants were aware of or directed this conduct; and because it is an unproven allegation intended to be inflammatory despite lacking support. Defendants object to Paragraph 31 as conclusory, vague, and unsupported by any factual allegations. Allegations of alignment without proof of direct coordination violate First Amendment protections and fail to satisfy the pleading standards established in *Holder v. Humanitarian Law Project*, 561 U.S. 1, 27–28 (2010), and *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Defendants further object to the heading, **"C. Defendants Support Hamas by Employing Known Hamas Operatives."** Defendants object to this heading as inflammatory, conclusory,

and unsupported by factual allegations, in violation of the federal pleading standard under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The heading contains legal conclusions disguised as factual assertions, presumes unlawful intent, and improperly labels nonparty individuals as "Hamas operatives" without evidentiary basis or specificity. It is prejudicial and immaterial under Federal Rule of Civil Procedure 12(f) and invites improper guilt-by-association arguments that infringe upon Defendants' First Amendment rights.

32.  Denied, and Defendants object to Paragraph 32 as vague, conclusory, and prejudicial, and on the grounds that it contains legal conclusions and undefined, inflammatory terminology such as "propaganda," which are not appropriate in a pleading. The paragraph lacks specific factual allegations tied to Defendants and is not relevant to any actionable conduct. Objection is made pursuant to Federal Rule of Civil Procedure 12(f) and Federal Rules of Evidence 401 and 403. To the extent a response is required, Defendants deny the allegations in Paragraph 32.

33. Deny.
34. Deny.
35. Deny.
36. Deny.
37. Deny.
38. Deny.
39. Deny.
40. Deny.
41. Deny.
42. Deny.
43. Deny.
44. Deny.

45. Deny.

46. Deny.

47. Deny.

48. Defendants admit that Hamas, along with other militant groups, took more than 240 civilians and soldiers captive beginning on October 7, 1993, and hold some of these individuals' captive to this day. Further answering Paragraph 48, Defendants deny all other allegations therein.

49. Deny.

50. Deny.

51. Deny.

52. Defendants lack knowledge information sufficient to form a belief about the truth of these allegations and therefore deny them.

53. Defendants lack knowledge information sufficient to form a belief about the truth of these allegations and therefore deny them.

54. Defendants lack knowledge information sufficient to form a belief about the truth of these allegations and therefore deny them.

55. Deny.

56. Deny.

57. Defendants lack knowledge information sufficient to form a belief about the truth of these allegations and therefore deny them.

58. Deny.

59. Deny.

60. Deny.

61. Deny.

62. Deny.

63. Deny.

64. Deny.

65. Deny.

66. Deny.

67. Deny.

68. Deny.

69. Deny.

70. Deny.

71. Deny.

72. Defendants deny and object to Paragraph 72 as irrelevant, immaterial, and impertinent under Federal Rule of Civil Procedure 12(f), as it refers solely to third-party political expression by an individual who is not a party to this action and does not allege any act or omission by Defendants. The paragraph appears designed to prejudice and intimidate, not to support any viable legal claim. To the extent a response is required, Defendants deny the allegations in Paragraph 72.

73. Defendants lack knowledge information sufficient to form a belief about the truth of these allegations and therefore deny them.

74. Deny.

75. Deny.

76. Deny.

77. Defendants deny and object to Paragraph 77 as inflammatory, conclusory, and legally insufficient. Plaintiffs cite no specific publication or fact that supports the alleged

"nexus" between the Palestine Chronicle, Hamas, and unrelated campus protests. The paragraph is a thinly veiled attempt to associate protected journalism and protest activity with terrorism in violation of constitutional protections. See Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 12(f); New York Times Co. v. Sullivan, 376 U.S. 254 (1964).

78. Defendants admit that the Palestine Chronicle published articles concerning campus protests against Israeli government policies but deny that any such reporting constitutes "propaganda" or unlawful conduct. Defendants object to the characterization of journalistic coverage of political protests as indicative of support for terrorism. The cited language is attributed to quoted third-party sources or editorial commentary on matters of public concern and is protected under the First Amendment. To the extent Paragraph 78 attempts to impute civil liability for the content of independently published articles, it is barred by *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964) and *Holder v. Humanitarian Law Project*, 561 U.S. 1, 27–28 (2010). Further answering Paragraph 78, Defendants deny all other allegations therein.

79. Defendants admit that the Palestine Chronicle published an article on August 29, 2024, which contained quotes from Khaled Meshaal. Further answering these allegations, Defendants deny them. Defendants also object to Paragraph 79 as irrelevant and unduly prejudicial. The inclusion of public statements made by a third-party political figure, particularly one not alleged to have coordinated with Defendants, lacks probative value and is intended to impute guilt by association. Defendants deny that the publication of an interview or commentary by a controversial figure constitutes support for terrorism or gives rise to civil liability under the ATS. Publication of public commentary—even if authored by designated individuals—is not actionable absent direct coordination. See *Holder*, 561 U.S. at 27–28. Accordingly, this paragraph should be stricken under Fed. R. Civ. P. 12(f) and Fed. R. Evid. 403.

80. Defendants admit that the Palestine Chronicle published an article on August 29, 2024, which contained quotes from Khaled Meshaal. Further answering these allegations, Defendants deny them. Defendants also object to Paragraph 80 as irrelevant and unduly prejudicial. The inclusion of public statements made by a third-party political figure, particularly one not alleged to have coordinated with Defendants, lacks probative value and is intended to impute guilt by association. Defendants deny that the publication of an interview or commentary by a controversial figure constitutes support for terrorism or gives rise to civil liability under the ATS. Publication of public commentary—even if authored by designated individuals—is not actionable absent direct coordination. See *Holder*, 561 U.S. at 27–28. Accordingly, this paragraph should be stricken under Fed. R. Civ. P. 12(f) and Fed. R. Evid. 403.

81. Defendants admit that, on September 3, 2024, the U.S. Justice Department announced various criminal charges against Khaled Meshaal for allegedly orchestrating the attacks of October 7, 1993, and for conspiracy to provide material support to a foreign terrorist organization and conspiracy to kill U.S. nationals. Further answering these allegations, Defendants deny them. Defendants also object to Paragraph 81 as irrelevant and unduly prejudicial. The inclusion of public statements made by a third-party political figure, particularly one not alleged to have coordinated with Defendants, lacks probative value and is intended to impute guilt by association. Defendants deny that the publication of an interview or commentary by a controversial figure constitutes support for terrorism or gives rise to civil liability under the ATS. Publication of public commentary—even if authored by designated individuals—is not actionable absent direct coordination. See *Holder*, 561 U.S. at 27–28. Accordingly, this paragraph should be stricken under Fed. R. Civ. P. 12(f) and Fed. R. Evid. 403.

82. Deny and object to Paragraph 82 as scandalous, conclusory, and legally deficient. The allegation seeks to conflate lawful nonprofit status with criminal activity absent any

plausible nexus. There are no facts alleged to show that tax-deductible donations were used for criminal purposes, nor that Defendants knew or endorsed any such use. Defendants deny all implications of wrongdoing and object to this paragraph under Fed. R. Civ. P. 12(f), Fed. R. Evid. 401 and 403.

83. Defendants lack knowledge information sufficient to form a belief about the truth of these allegations and therefore deny them. Defendants also object to Paragraph 83 to the extent they assert or imply culpability by Defendants for the alleged actions of Mr. Aljamal. Defendants deny any knowledge of, or involvement in, the events described and object to the inclusion of emotionally charged language not material to any element of a cause of action. This paragraph is improper under Fed. R. Evid. 403 and Fed. R. Civ. P. 12(f).

84. Defendants lack knowledge information sufficient to form a belief about the truth of these allegations and therefore deny them. Defendants object to Paragraph 84 to the extent they assert or imply culpability by Defendants for the alleged actions of Mr. Aljamal. Defendants deny any knowledge of, or involvement in, the events described and object to the inclusion of emotionally charged language not material to any element of a cause of action. This paragraph is improper under Fed. R. Evid. 403 and Fed. R. Civ. P. 12(f).

85. Deny and object to Paragraph 85. Any edits or clarifications made regarding contributor roles were consistent with standard editorial practice and not indicative of knowledge or complicity. Defendants object to the suggestion that editorial language changes constitute actionable misconduct. This paragraph attempts to manufacture a conspiracy based on innocuous content edits and thus lack legal relevance. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This paragraph is impertinent and prejudicial within the meaning of Fed. R. Civ. P. 12(f).

86. Defendants admit that the Palestine Chronicle changed Aljamal's title from "correspondent" to "contributor" on June 9, 2024.  Defendants further object to Paragraph 86 on the same basis as they object to Paragraph 85 above.

87. Defendants admit that the Palestine Chronicle referred to Aljamal as a "freelance contributor" who wrote for the Palestine Chronicle "on a voluntary basis."  Further answering these allegations, Defendants deny them. Defendants further object to Paragraph 87 on the same basis as they object to Paragraph 85 above.

88. Deny.  Defendants further object to Paragraph 88 on the same basis as they object to Paragraph 85 above.

89. Deny. Defendants further object to Paragraph 89 on the same basis as they object to Paragraph 85 above.

90. Deny.  Defendants further object to Paragraph 90 as a speculative, inflammatory assertions unsupported by any factual foundation. There is no allegation of knowledge, intent, or causation sufficient to establish liability. Defendants deny that any payments were made to fund or enable criminal conduct and further deny any coordination or relationship that would support liability under the ATS. See *Jesner v. Arab Bank, PLC*, 138 S. Ct. 1386 (2018).

91. Deny.  Defendants object to Paragraph 91 as irrelevant and prejudicial. The role of a family member of a freelance contributor in a charitable initiative bears no relation to any cause of action and is included to smear by association. Defendants deny the implication of wrongdoing and object to the inclusion of this paragraph under Fed. R. Evid. 401, 403, and Fed. R. Civ. P. 12(f).

92. Denied.  Defendants deny the allegations in Paragraph 92 in their entirety. Plaintiffs fail to plead facts that could plausibly establish "aiding and abetting" or "material support" under the relevant legal standards. See *Halberstam v. Welch*, 705 F.2d 472 (D.C. Cir. 1983); *Holder*,

561 U.S. at 27–28. No coordination, knowledge, or shared intent is alleged with particularity, and the claim improperly attempts to impute liability based on publication and editorial discretion, which are protected by the First Amendment.

### FIRST CLAIM FOR RELIEF

93. Defendants incorporate their responses to Paragraphs 1-92 as if fully restated herein.

94. Admit.

95. Admit.

96. Admit.

97. Deny.

98. Deny.

99. Deny.

100. Deny.

101. Deny.

102. Deny.

103. Deny.

104. Deny.

### SECOND CLAIM FOR RELIEF

105. Defendants incorporate their responses to Paragraphs 1-104 as if fully restated herein.

106. Admit.

107. Admit.

108. Admit.

109. Admit.

110. Admit.

111. Deny.

112. Deny.

113. Deny.

114. Deny.

115. Deny.

116. Deny.

117. Deny.

118. Deny.

## Prayer for Relief

A. Deny.

B. Deny.

C. Deny.

D. Deny.

E. Deny.

F. Deny.

G. Deny.

## Affirmative Defenses

1. Plaintiffs have failed to state a claim upon which relief may be granted.

2. This Court lacks subject matter jurisdiction over Plaintiffs claims.

3. Plaintiffs have failed to exhaust their domestic remedies.

4. This case is barred by the political question doctrine.

5. This case is barred by the doctrine of forum non conveniens.

6. First Amendment, journalistic protection.

7. Failure to plead proximate cause.

8. No specific intent or substantial assistance.

9. Immunity under Section 230 (if applicable to digital publication).

Respectfully submitted,

ss/ Daniel M. Kovalik             ss/Ralph Hurwitz
Daniel M. Kovalik                Ralph Hurwitz
112 Washington Place, #15K       P.O. Box 25642
Pittsburgh, Pa. 15219             Seattle, WA 98165
(412) 335-6442                  alph@hurvitz.com
dkovalik@outlook.com