1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| ALMOG MEIR JAN, SHLOMI ZIV, and ANDREY KOZLOV | CASE NO. 3:24-cv-05553-TMC |
| *Plaintiff*, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| PEOPLE MEDIA PROJECT, a Washington Non-Profit Corporation, d/b/a PALESTINE CHRONICLE; RAMZY BAROUD; JOHN HARVEY; AND DOES 1 through 10, | |
| *Defendants*. | |

1.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file

confidential information under seal.

2.    "CONFIDENTIAL" MATERIAL & "ATTORNEY EYES ONLY"

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: Personally Identifying Information (PII), including dates of birth and social security numbers; Specific Account Information, including credit card numbers, bank account numbers, and routing numbers (but not including substantive information within accounts); Health care information.

Nothing in this protective order addresses the designation of any materials as "Attorney Eyes Only." "Confidential" does **not** mean "Attorney Eyes Only." If, and when, such an "Attorney Eyes Only": designation would be appropriate the Parties shall meet and confer and resolve any dispute pursuant to Paragraphs 6.2 & 6.3 with the burden on the Party designating materials "Attorney Eyes Only," and aforesaid Party having the sole responsibility for moving for such relief within seven (7) Court days after the Parties fail to reach an agreement after the meet-and-confer. If the designating Party should fail to move within seven (7) days, any Attorney Eyes Only material shall become simply "Confidential"

3.    SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.      ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1      Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)      the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)      the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)      experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)      any person who a party's *counsel* believes in good faith may be a witness or have discoverable information and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) provided that this information is solely provided to such witness by party's counsel;

(e)     the court, court personnel, and court reporters and their staff;

(f)     copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(g)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3     <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue. If the Parties cannot agree, the responsibility to file the motion to seal shall be on the Party desirous of sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to

file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.  In the case of exigent circumstances, the Party needing to file/reference any Confidential Information shall reference the material in such way as to not divulge the specific Confidential Information and they shall not be prejudiced for not providing the specific Confidential Information until such time as this Court receives the Motion to Seal.  In a reasonable time after the Motion To Seal is filed and/or adjudicated, the Party not requesting the sealing of documents may update their pleadings by reference to the documents filed under seal.   Notwithstanding anything in this Paragraph 4.3, the non-designating Party may opt to file a Motion to Seal if they so choose with the other Party's material designated as "Confidential."

5.   DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)    Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-

to-face meeting or a telephone conference.

6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving

party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10.     NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

11.    <u>MEET AND CONFER 90 DAYS PRIOR TO TRIAL</u>

The Parties' counsel shall meet and confer not later than 90 Days before the set trial date to discuss how, if at all, this Stipulated Protective Order should be amended for the purposes of trial.

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2    Plaintiffs' Trial Counsel          Defendants' Trial Counsel

3    */s/ Aric S. Bomsztyk*              */s/ Daniel Kovalik*
4    Aric S. Bomsztyk, WSBA #38020       Ralph Hurvitz
     Blair M. Russ, WSBA #40374          P.O. Box 25642
5    1000 Second Avenue, Suite 3660      Seattle, WA 98165
     Seattle, WA 98104                   Phone: (206) 223-1747
6    Telephone: (206) 621-1871           ralph@hurvitz.com
     Facsimile: (206) 621-9907
7    asb@tbr-law.com                     Daniel Kovalik
     bmr@tbr-law.com                     112 Washington Place, Suite 15K
8                                        Pittsburgh, PA 12519
9    Mark Goldfeder (*pro hac vice*)     Phone: (415) 335-6442
     NATIONAL JEWISH ADVOCACY            dkovalik@outlook.com
10   CENTER, INC.
     THE INTERNATIONAL LEGAL FORUM
11   1718 General George Patton Drive
     Brentwood, TN 37027
12   Phone: (800) 269-9895
     mark@jewishadvocacycenter.org
13
14   David Schoen (*pro hac vice*)
     LAW OFFICES OF DAVID SCHOEN
15   2800 Zelda Road, Suite 100-6
     Montgomery, AL 36106
16   Phone: (334) 395-6611
     schoenlawfirm@gmail.com
17
18   Jason Torchinsky (*pro hac vice*)
     Kellen Dwyer (*pro hac vice*)
19   Erielle Davidson (*pro hac vice*)
     HOLTZMAN VOGEL BARAN
20   TORCHINSKY & JOSEFIAK PLLC
     2300 N Street, NW, Suite 643A
21   Washington, DC 20037
     Phone: (202) 737-8808
22   jtorchinsky@holtzmanvogel.com
     kdwyer@holtzmanvogel.com
23   edavidson@holtzmanvogel.com
24   John Cycon (*pro hac vice*)
25   HOLTZMAN VOGEL BARAN
     TORCHINSKY & JOSEFIAK PLLC
26   15405 John Marshall Hwy

1   Haymarket, VA 20169
    jcycon@holtzmanvogel.com
2   Phone: (202) 737-8808

3   Dallin Holt (*pro hac vice*)
4   HOLTZMAN VOGEL BARAN
    TORCHINSKY & JOSEFIAK PLLC
5   2555 E Camelback Rd., Suite 700
    Phoenix, AZ 85016
6   Phone: (615) 647-8528
    dholt@holtzmanvogel.com
7

8   PURSUANT TO STIPULATION, IT IS SO ORDERED

9       IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

10  documents, electronically stored information (ESI) or information, whether inadvertent or

11  otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or

12  state proceeding, constitute a waiver by the producing party of any privilege applicable to those

13  documents, including the attorney-client privilege, attorney work-product protection, or any other

14  privilege or protection recognized by law. This Order shall be interpreted to provide the maximum

15  protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.

16  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review

17  of documents, ESI or information (including metadata) for relevance, responsiveness and/or

18  segregation of privileged and/or protected information before production.  Information produced

19  in discovery that is protected as privileged or work product shall be immediately returned to the

20  producing party.

21

22

23      DATED: August 27, 2025

24

25  _____
    Tiffany M. Cartwright
26  United States District Court Judge

STIPULATED PROTECTIVE ORDER
3:24-CV-05553-TMC  - 12