UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALMOG MEIR JAN; SHLOMI ZIV; ANDREY KOZLOV,<br><br>Plaintiffs,<br><br>v.<br><br>PEOPLE MEDIA PROJECT, a Washington Non-Profit Corporation, d/b/a PALESTINE CHRONICLE; RAMZY BAROUD; JOHN HARVEY; and DOES 1 through 10,<br><br>Defendants. | Case No. 3:24-cv-05553-TMC<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO VOLUNTARILY DISMISS |

## I. INTRODUCTION

Before the Court is a motion by Plaintiffs Almog Meir Jan, Shlomi Ziv, and Andrey Kozlov to voluntarily dismiss their case. Dkt. 95. Defendants People Media Project and Ramzy Baroud do not object to the dismissal, but the parties disagree as to whether dismissal should be without prejudice and whether Plaintiffs must pay Defendants' costs. *Id.* at 2. Because Defendants have not established legal prejudice that would result from the dismissal, Plaintiffs'

motion to voluntarily dismiss the case is GRANTED. The case is DISMISSED without prejudice, and Defendants' request for an award of costs is DENIED.

## II. BACKGROUND[1]

Plaintiffs filed this case on July 9, 2024. Dkt. 1. Their operative amended complaint was filed on February 21, 2025. Dkt. 41. The operative complaint contains two counts under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, both premised on a theory of aiding and abetting liability. Dkt. 41 ¶¶ 93–118.

On January 9, 2026, while Defendants' summary judgment motion was pending, the Supreme Court granted review of *Doe I v. Cisco Sys., Inc.*, 73 F.4th 700 (9th Cir. 2023), in part to review "[w]hether the Alien Tort Statute (ATS), 28 U.S.C. § 1350, allows a judicially-implied private right of action for aiding and abetting." *See* Dkt. 90. Because the issue before the Supreme Court was central to this case, the Court entered a stay pending the decision. Dkt. 92. The Supreme Court delivered its opinion in *Cisco Sys., Inc. v. Doe I*, 609 U.S. ----, 146 S. Ct. 1882 (2026), on June 23, 2026. The Court then ordered Plaintiffs to show cause as to "why the Supreme Court's decision in *Cisco v. Doe*" did "not require dismissal of this case for failure to state a claim under the Alien Tort Statute." Dkt. 94.

Plaintiffs responded by filing this motion to voluntarily dismiss the case on July 7, 2026, noting the dispute between the parties on the issues of prejudice and costs. Dkt. 95. Defendants have responded and Plaintiffs replied. Dkt. 96, 98.

## III. LEGAL STANDARDS

Unless the parties stipulate or the plaintiff dismisses the action before the defendant either answers the complaint or moves for summary judgment, "an action may be dismissed at

[1] The Court only recites the facts necessary to resolve the instant motion. A fuller recitation of the facts can be found in Dkt. 55 at 3–5.

the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A motion for voluntary dismissal under Rule 41(a)(2) should be granted "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Legal prejudice is not established by "the threat of future litigation which causes uncertainty," *id.* at 96, "the expense incurred in defending against a lawsuit," *id.* at 97, or "the mere inconvenience of defending another lawsuit," *Kamal v. Eden Creamery*, LLC, 88 F.4th 1268, 1280 (9th Cir. 2023) (quoting *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)). Although district courts have "broad discretion" in deciding "whether to dismiss actions with or without prejudice," *WPP Lux. Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1058 (9th Cir. 2011), they abuse their discretion by dismissing with prejudice when the defendant fails to show legal prejudice as a result of the dismissal, *Kamal*, 88 F.4th at 1280–82.

When considering a motion under Rule 41(a)(2), courts must determine: "(1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Benanav v. Healthy Paws Pet Ins. LLC*, No. 2:20-cv-00421-LK, 2023 WL 5227702, at *7 (W.D. Wash. Aug. 15, 2023) (quoting *Sherman v. Yahoo! Inc.*, No. 13-cv-0041-GPC-WVG, 2015 WL 473270, at *2 (S.D. Cal. Feb. 5, 2015)).

## IV. DISCUSSION

Plaintiffs' motion seeks dismissal without prejudice and without costs. Dkt. 95 at 3.

### A. Dismissal

Because Defendants do not oppose dismissal, dismissal is warranted. *Plastic Dev. Grp., LLC v. Yita, LLC*, No. 2:23-CV-01422-LK, 2024 WL 3566590, at *2 (W.D. Wash. July 29,

2024) ("As to the first inquiry, dismissal is warranted because [defendant] 'does not oppose dismissal.'").

**B. Prejudice**

Plaintiffs make three arguments to support their request for dismissal without prejudice. First, Plaintiffs maintain this case was brought in good faith as the Ninth Circuit "clearly held that such a claim was viable under the [ATS]" before it was reversed by the Supreme Court. Dkt. 95 at 3 (citing *Doe I v. Cisco Sys., Inc.*, 73 F.4th 700 (9th Cir. 2023)); Dkt. 98 at 2. Second, Plaintiffs contend that although the Supreme Court foreclosed their ATS claims under one theory, dismissal without prejudice is necessary to preserve their right to pursue other theories or causes of action after additional investigation. *Id.* Third, they argue that Defendants cannot establish "legal prejudice." Dkt. 95 at 4; Dkt. 98 at 1–2.

Defendants respond by arguing that this case is analogous to *Future Link Sys., Inc. v. Realtek Semiconductor Corporation*, 154 F.4th 1370 (Fed. Cir. 2025), where the trial court ultimately "converted a plaintiff's motion to dismiss without prejudice to a dismissal with prejudice" due to the lack of merit in plaintiff's case and "the fact that plaintiff clearly had moved to dismiss the case without prejudice to evade a judgment on the merits against it." Dkt. 96 at 3.

The Court grants Plaintiffs' motion to dismiss without prejudice as Defendants have failed to show legal prejudice as a result of the dismissal. Legal prejudice requires more than a plaintiff gaining a tactical advantage from dismissal or an uncertain threat of future litigation. *Kamal*, 88 F.4th at 1282. It includes consequences such as the loss of a federal forum, the right to a jury trial, a statute of limitations defense, or an ability to conduct discovery to adequately prepare a defense. *Id.* at 1282–1283. Though this is not an exhaustive list of legal prejudice, Defendants do not provide the Court a reason why dismissal without prejudice would cause harm

"to some legal interest, some legal claim, some legal argument." *Westlands*, 100 F.3d at 97. The procedural history behind the Federal Circuit's decision in *Future Link Systems* does not affect this binding Ninth Circuit precedent. The Court thus dismisses the case without prejudice.

**C. Terms and Conditions**

Plaintiffs ask the Court not to award costs because the case was brought in good faith and, due to their lack of opposition to the stay pending the Supreme Court's decision, "the Parties have not expended significant resources preparing for trial." Dkt. 95 at 4. In response, Defendants argue that, given the Supreme Court's decision, they should be "considered 'prevailing parties' under Rule 54 for purposes of awarding costs to them." Dkt. 96 at 4.

Under Rule 54(d)(1), costs "should be allowed to the prevailing party." "[A] defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court." *Cadkin v. Loose*, 569 F.3d 1142, 1150 (9th Cir. 2009). Although Plaintiffs have not disclosed a theory of liability under the Alien Tort Statute beyond the aiding and abetting theory that was rejected by the Supreme Court, they are not judicially precluded from pursuing such a theory and refiling their ATS claims within the statute of limitations. Defendants are therefore not prevailing parties and are not entitled to costs.

## V. CONCLUSION

Plaintiffs' motion to voluntarily dismiss the case (Dkt. 95) is GRANTED. The case is DISMISSED without prejudice. Defendants' request for an award of costs is DENIED.

Dated this 15th day of September, 2026.

Tiffany M. Cartwright
United States District Judge